UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED GRAVELINE,<br><br>                      Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>                      Defendant. | Case No. C16-219RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.    INTRODUCTION

This matter comes before the Court on Defendants United States Department of Education's Motion to Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6), Dkt. #4. Defendant argues *inter alia*, that the Court lacks subject matter jurisdiction over Plaintiff Jared Graveline's claims, and that Plaintiff's Complaint fails to state claims upon which relief can be granted. For the reasons set forth below, the Court agrees with Defendant and GRANTS its Motion, but will grant Plaintiff leave to amend his Complaint.

## II.    BACKGROUND[1]

Plaintiff Jared Graveline has "been trying for 10+ years" to resolve this matter with the U.S. Department of Education. Dkt. #1 at 2. Plaintiff alleges that he was enrolled at the Business Computer Training Institute ("BCTI") when the school was closed down for fraudulent

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #1 and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

activity" and that Defendant refused to discharge his loans, saying that he was not enrolled, and refusing to discharge his loans for fraudulent activity under "20 U.S.C. §1087E." *Id.* Plaintiff alleges that BCTI recruited him from "the Welfare/Unemployment office," and that BCTI has been found in prior litigation to have recruited enrollees at that location and to have provided unqualified instructors and low-quality training. *Id.* Plaintiff alleges that BCTI closed its doors while he was attending on March 14, 2005. *Id.* Plaintiff alleges that he has not been able to find employment or transfer his credits and that his education at BCTI "was a waste." *Id.* Plaintiff alleges that he has exhausted his options with Defendant directly, and that Defendant has stated that his only remaining option is filing suit in Federal Court. *Id.* at 3.

### III.   DISCUSSION

#### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id.* at 1122. In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B. Sovereign Immunity Arguments**

"Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir.1997) ("[t]he doctrine of sovereign immunity applies to federal agencies"). The plaintiff in a suit against the United States bears the burden of demonstrating that sovereign immunity has been waived, and without this showing the court lacks jurisdiction to hear the case. *See Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1005 (9th Cir.1998) ("A party bringing an action against the United States 'bears the burden of demonstrating an unequivocal waiver of immunity.'") (quoting *Mitchell v. United States*, 787 F.2d 466, 467 (9th Cir.1986)).

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction where the United States has not waived sovereign immunity. Dkt. #4 at 3-4. Defendant argues that Plaintiff's Complaint fails to allege waiver and does not identify any federal statute, regulation, or other authority that

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

waives sovereign immunity with respect to his claims such that this Court has subject matter jurisdiction over this action.

In Response, Plaintiff fails to identify any basis for a waiver of sovereign immunity. However, Plaintiff does provide the September 17, 2015, letter from Defendant indicating that Plaintiff may bring a lawsuit in federal court to review Defendant's decision to deny the requested relief. *See* Dkt. #7 at 4.

On Reply, Defendant highlights the fact that Plaintiff fails to identify any basis for a waiver of sovereign immunity, but does not argue that there is no set of facts which could result in such a waiver. *See* Dkt. #8 at 2.

The Court agrees with Defendant that Plaintiff's Complaint as drafted fails to establish the necessary waiver of sovereign immunity and that dismissal is warranted for lack of subject matter jurisdiction. However, the Court believes that this deficiency is technical and could be corrected with amendment.

### C. Plaintiff's Substantive Claims

20 U.S.C. §1087(c)(1) provides in part:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution., then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan.

Defendant argues that the Complaint fails to allege sufficient facts for relief under this statute because it fails to state that the loans at issue were made pursuant to the Federal Family Education Loan ('FFEL') Program such that they are covered by 20 U.S.C. § 1087. Dkt. #4 at 5. Defendant argues that Plaintiff has failed to bring suit against the Secretary of Education (as

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

required by the statute). *Id*. Defendant argues that "the Complaint provides no facts at all concerning the type of student loans at issue, the date the Plaintiff incurred the loans, or the amount of loans for which he sought a discharge…[and] fails to…provide the institution's full name, location, or evidence of closure…[and] fails to allege the dates of the challenged decisions or identify the decision makers. *Id*. at 5-6. Defendant argues that the Complaint allegations "fail to demonstrate that Plaintiff pursued, and was denied, a discharge pursuant to 34 C.F.R. § 685.414." *Id*. at 6.

In Response, Plaintiff provides more details about his enrollment at BCTI and cites to a state court case involving BCTI.[2] Dkt. #7 at 1. Plaintiff attaches a letter from the Defendant to Plaintiff stating "[t]he Department's records indicate that you withdrew from Business Career Training Institute on October 20, 2004, and that the school closed on March 11, 2005. Because you were not in attendance at the school in question within 120 days of the closure date, you do not meet the criteria for closed school discharge." *Id*. at 3. Plaintiff also submits a letter from the State of Washington Workforce Training and Education Coordinating Board that appears to attach a copy of Plaintiff's BCTI transcript, which indicates that he completed a single course in "Integrated Computer Applications" on March 9, 2004. *Id*. at 11-12.

On Reply, Defendant argues that Plaintiff "fails to provide the most basic facts to show he is entitled to relief including (1) the type of student loans at issue (in particular, that they were FFEL Loans subject to 20 U.S.C. § 1087), or (2) the date the Plaintiff incurred the loans" and that Plaintiff fails to "address that the statute relates to action by the Secretary of Education, not the Department of Education, and therefore the Department of Education is not the proper

---

[2] The Court notes that Plaintiff's Response was due on May 9, 2016, but was filed on May 11, 2016, and was therefore untimely under Local Rule 7. However, the Court notes that Plaintiff contacted the Court via telephone before the Response was due and indicated that he had been late in checking his mail and would file his Response as soon as possible. Given the nature of this case, and the evident fact that Defendant was not prejudiced by the delay, the Court will consider Plaintiff's Response.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

party to an action pursuant to 20 U.S.C. § 1087." Dkt. #8 at 3. Defendant argues that the documents attached by Plaintiff tend to show that he was not enrolled at BCTI within 120 days of the March 11, 2005, closure, citing specifically to the transcript showing a single course completed on March 9, 2004. *Id*. at 4. Defendant therefore argues that Plaintiff cannot cure the above deficiencies with amendment.

The Court agrees with Defendant that Plaintiff has failed to plead the necessary facts to bring a claim under 20 U.S.C. §1087. Defendant's briefing outlines several deficiencies, including Plaintiff's failure to allege particular facts as to the nature of his loans and failure to provide sufficient evidence that he was enrolled at BCTI within 120 days of the March 11, 2005, closure. Plaintiff cannot simply state that he has been involved in a long process with Defendant, attach documents, and cite to other cases—he must actually include in the Complaint facts sufficient to state a claim upon which relief can be granted. Accordingly, Plaintiff's Complaint is also properly dismissed under Rule 12(b)(6).

### D. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that the numerous deficiencies identified by Defendant can potentially be cured and will grant Plaintiff leave to file an amended complaint.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

1)  Defendant's Motion to Dismiss (Dkt. #4) is GRANTED.

2)  Plaintiffs' claims are dismissed without prejudice.

3)  Plaintiff is granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than twenty-one (21) days** of the date of this Order.  Failure to file an Amended Complaint within this time period will result in dismissal with prejudice and this case will be closed.

DATED this 19th day of May, 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7