UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED GRAVELINE,<br><br>                          Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>                          Defendant. | Case No. C16-219RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT |

## I.    INTRODUCTION

This matter comes before the Court on Defendant United States' Motion to Dismiss Amended Complaint pursuant to FRCP 12(b)(1) and 12(b)(6), Dkt. #13. Defendant argues that the Court still lacks subject matter jurisdiction over Plaintiff Jared Graveline's claims and that Plaintiff's Amended Complaint fails to state claims upon which relief can be granted. For the reasons set forth below, the Court agrees with Defendant, GRANTS its Motion, and dismisses Plaintiff's claims with prejudice.

## II.    BACKGROUND

**A. Factual Background[1]**

Plaintiff Jared Graveline has "been trying for 10+ years" to resolve this matter with the U.S. Department of Education. Dkt. #12 at 1. In his original Complaint, Plaintiff alleges that

---

[1] The following background facts are taken from Plaintiff's Complaint, (Dkt. #1), and Plaintiff's purported Amended Complaint, (Dkt. #12), and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 1

he was enrolled at the Business Computer Training Institute ("BCTI") "when the school was closed down for fraudulent activity" and that Defendant refused to discharge his loans, saying that he was not enrolled, and refusing to discharge his loans for fraudulent activity under "20 U.S.C. §1087E." Dkt. #1 at 2. Plaintiff alleges that BCTI recruited him from "the Welfare/Unemployment office," and that BCTI has been found in prior litigation to have recruited enrollees at that location and to have provided unqualified instructors and low-quality training. *Id.* Plaintiff alleges that BCTI closed its doors while he was attending on March 14, 2005. *Id*. Plaintiff alleges that he has not been able to find employment or transfer his credits and that his education at BCTI "was a waste." *Id*. Plaintiff alleges that he has exhausted his options with Defendant directly, and that Defendant has stated that his only remaining option is filing suit in Federal Court. *Id*. at 3.

In his purported Amended Complaint, Plaintiff adds that he has received a new letter from Defendant dated June 21, 2016, stating that it has "accepted your claim that you were still enrolled at the time of school closure." Dkt. #12 at 3. Plaintiff now "only seeks reimbursement of Federal Tax returns offset illegally by the Department of Education." *Id*. at 1. Plaintiff alleges that Defendant is offsetting the amount owed to it by Plaintiff in loans by the amount Plaintiff received in a lawsuit against BCTI. *Id*. at 1-2. Plaintiff alleges that this lawsuit "was not for my loans," but "was for the 19 months of my time at 5 hours a day 5 days a week spent sitting in a classroom believing I was bettering my life with furthering my education." *Id*. at 2. Plaintiff "seeks return of Federal Offset and cost of Case filing based on Defendants (sic) acceptance that I was enrolled at the time of closer (sic)." *Id*.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 2

## B. Procedural Background

Plaintiff's original Complaint, filed February 11, 2016, contained headings such as "Jurisdiction," "Statement of Claim," and "Relief." *See* Dkt. #1. On May 19, 2016, the Court granted Defendant's motion to dismiss and allowed Plaintiff to file an amended complaint within 21 days. Dkt. #9. The Court found that "Plaintiff's Complaint as drafted fails to establish the necessary waiver of sovereign immunity" and that Plaintiff "failed to plead the necessary facts to bring a claim under 20 U.S.C. §1087." *Id.* This Order was mailed to the address provided by Plaintiff but was returned as "Undeliverable." Dkt. #10. The Court directed that this Order be resent to Plaintiff, and he ultimately filed a purported Amended Complaint on July 8, 2016. Dkt. ##11, 12. This purported Amended Complaint does not contain the same headings as the original, and is instead styled as a letter to the Court with attachments. Dkt. #12. This purported Amended Complaint states in a postscript "I am unsure how your mailings have been sent back to the courts, my address is confirmed as 3909 S 302nd Street Auburn, WA 98001." *Id*. at 2. On July 22, 2016, Defendant moved to dismiss this Amended Complaint (Dkt. #13), and simultaneously filed a "Notice" to Plaintiff citing the local rules and stating that a response to the Motion "must be filed no later than August 15, 2016" (Dkt. #14). Plaintiff has failed to file a response.[2]

### III.   DISCUSSION

## A. Legal Standard

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing

---

[2] The Court concludes that Plaintiff's failure to respond to the instant Motion is not due to issues with mail delivery.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 3

evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id*. at 1122. In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

The party opposing a motion shall, within the time prescribed in Local Rule 7(d), file and serve on each party a brief in opposition. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.*

### B. Sovereign Immunity Argument

"Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994); *Hodge*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 4

*v. Dalton*, 107 F.3d 705, 707 (9th Cir.1997) ("[t]he doctrine of sovereign immunity applies to federal agencies"). The plaintiff in a suit against the United States bears the burden of demonstrating that sovereign immunity has been waived, and without this showing the court lacks jurisdiction to hear the case. *See Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1005 (9th Cir.1998) ("A party bringing an action against the United States 'bears the burden of demonstrating an unequivocal waiver of immunity.'") (quoting *Mitchell v. United States*, 787 F.2d 466, 467 (9th Cir.1986)).

Defendant argues that Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction where the United States has not waived sovereign immunity. Dkt. #13 at 4-5. Defendant argues that Plaintiff has failed to correct the deficiencies outlined by the Court's prior Order granting dismissal. *See* Dkt. #9.

Plaintiff has failed to file any response to this Motion.

The Court agrees with Defendant that Plaintiff's Amended Complaint as drafted fails to establish the necessary waiver of sovereign immunity and that dismissal is warranted for lack of subject matter jurisdiction.

**C. Plaintiff's Substantive Claims**

20 U.S.C. §1087(c)(1) provides in part:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower…is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution…, then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan.

Defendant argues that the Amended Complaint fails to allege sufficient facts for relief under this statute because it fails to state that the loans at issue were made pursuant to the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 5

Federal Family Education Loan Program ("FFEL") Program such that they are covered by 20 U.S.C. § 1087. Dkt. #13 at 5. Defendant argues that the Amended Complaint "provides only a single new assertion in support of his purported claim pursuant to 20 U.S.C. § 1087: a June 21, 2016 letter from the Department of Education stating that his loans would be partially discharged based on the closed-school discharge," and that "[e]ven if the DOE's letter could establish that Plaintiff was enrolled at the time of school closure for purposes of his 20 U.S.C. § 1087 claim, that alone is insufficient to establish the necessary facts to establish a cause of action." *Id*. Defendant highlights the same factual deficiencies discussed in the Court's prior Order. *Id.* at 6; *see* Dkt. #9. Defendant again argues that Plaintiff has failed to bring suit against the Secretary of Education (as required by the statute). Dkt. #13 at 6. Defendant argues that the Amended Complaint "does not contain any discussion or details of his efforts to exhaust his remedies with the Department of Education pursuant to 34 C.F.R. § 685.414 or otherwise." *Id*. at 7.

Plaintiff has failed to file any response to this Motion.

The Court again agrees with Defendant that Plaintiff has failed to plead the necessary facts to bring a claim under 20 U.S.C. §1087. Defendant's briefing outlines several deficiencies, including Plaintiff's failure to allege particular facts as to the nature of his loans and failure to provide sufficient evidence that he was enrolled at BCTI within 120 days of the March 11, 2005, closure. As the Court stated in its prior Order, Plaintiff cannot simply state that he has been involved in a long process with Defendant, attach documents, and cite to other cases—he must actually include in his Complaint facts sufficient to state a claim upon which relief can be granted. Plaintiff's Amended Complaint again relies on new documents but fails

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 6

to set forth the allegations necessary to form a Complaint that can survive dismissal. Accordingly, Plaintiff's Amended Complaint is properly dismissed under Rule 12(b)(6).

**D. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that the numerous deficiencies identified by Defendant have not been cured by amendment after giving Plaintiff substantial time to respond, and that facts consistent with the challenged pleading could not possibly cure the deficiencies above. The Court therefore dismisses this case with prejudice.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant's Motion to Dismiss Amended Complaint (Dkt. #13) is GRANTED.

2) Plaintiff's claims are dismissed with prejudice.

3) This case is CLOSED.

DATED this 25th day of August 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT - 7